# 2024-1015

In The

# United States Court Of Appeals
# For The Federal Circuit

**In re: JAROM MCDONALD, THERON BRENT HARMON, JEFFREY HARMON, NEAL HARMON, VIDANGEL, INC., ANGEL STUDIOS, INC.,**

***Appellants.***

**ON APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**ORIGINATING CASE NO.: PTO-1 : 15/454,677**

## REPLY BRIEF OF APPELLANTS

**Joseph M. Shapiro**
**SHAPIRO IP LAW**
**138 E 12300 S**
**Unit 334**
**Draper, UT 84020**
**(801) 921-1136**

***Counsel for Appellants***

*Gibson*MOORE APPELLATE SERVICES, LLC ♦ 206 East Cary Street ♦
P.O. Box 1460 (23218) Richmond, VA 23219 ♦
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 1

I. Lim's disclosure about tipping is limited to static content ........ 1

II. "Elicitation Content" is different from "elicitation." ........ 2

III. "The actor, producer, director, or developer" in claim 26 must be "of the media content." ........ 2

CONCLUSION ........ 3

CERTIFICATE OF SERVICE AND FILING ........ 4

CERTIFICATE OF COMPLIANCE ........ 5

## TABLE OF AUTHORITIES

**Page(s):**

There are no cited authorities in this Reply Brief.

## INTRODUCTION

Appellants hereby responds to several arguments that arose in Appellee's brief.

## ARGUMENT

### I. Lim's disclosure about tipping is limited to static content.

Appellee incorrectly asserts that "Lim broadly refers to media content and teaches that media content may come in various formats, including 'plain text, recorded voice, live voice, graphics, streaming video, and live streaming video.'" Appellee Brief at p. 54 (emphasis in original). But this assertion ignores the context of Lim. Lim includes numerous potential inventions. Lim's discussion about tipping is limited to content viewed on a web page presenting static content such as a news article or scientific article. Appx416, Appx439-440. Appellee is correct that Lim references "streaming video" as one type of content, but Appellee fails to explain the context of this disclosure. As one of numerous potential inventions—in addition to its disclosure about tipping—Lim discloses that a user may determine what type and on what terms the user is willing to have advertisements presented. Lim discloses that one medium for advertisements is streaming video, and that a user may choose to receive streaming video advertisements. Appx432-433. But Appellee makes no attempt to connect a disclosure that a user may choose to view streaming video advertisements with

Lim's separate disclosure that a tipping interface may be presented with static content. Appearance of out-of-context phrases in a prior art disclosure does not satisfy the requirement of a rationale for obviousness.

## II. "Elicitation Content" is different from "elicitation."

Appellee applies the broadest reasonable interpretation standard to conflate the generic term "elicitation" with the patent applicant's term, "elicitation content." Because "elicitation content" is not a common or conventional term, it is improper to apply the broadest-reasonable-interpretation standard to "elicitation content" as if the term was synonymous with "elicitation." It is not. As explained in Appellant's Brief, the patent applicant used the term "elicitation content" for a reason and the Court is required to respect the patent applicant's definition of this unconventional term.

## III. "The actor, producer, director, or developer" in claim 26 must be "of the media content."

Appellee argues that Appellant has forfeited a common-sense and required claim construction because Appellee did not explicitly argue this in its PTAB appeal brief. Appellee argues that the "actor, producer, director, or developer" in claim 26's "elicitation content" is always present because such content always has an "actor, producer, director, or developer." But this is an absurdity and ignores the claim 26 qualifier "of the media content." "Media content" is a term from independent claim 24 (from which claim 26 depends). Specifically, "media

content" is the content for which a tip is being solicited. The claim language itself makes it clear that "actor, producer, director, or developer" is not any "actor, producer, director, or developer" associated with the elicitation content, but must be an "actor, producer, director, or developer" "*of the media content.*" Appellee does not forfeit plain text constructions that were not at issue in PTAB briefing. Additionally, Appellee did argue this point: "Twist does not disclose an "actor, producer, director, or developer" in the video." Appx332.

## CONCLUSION

The PTAB's decision should be reversed.

*/s/Joseph Shapiro*
Joseph Shapiro
SHAPIRO IP LAW
138 E 12300 S, Unit 334
Draper, UT 84020
jshapiro@shapiro-ip.com
801.921.1136

*Counsel for Appellants*

## CERTIFICATE OF SERVICE AND FILING

I certify that on May 15, 2024, I electronically filed the foregoing using the Court's CM/ECF filing system. All counsel of record who are deemed to have consented to electronic service, including counsel for appellant, were electronically served by and through the Court's CM/ECF filing system per Fed. R. App. P. 25 and Fed. Cir. R. 25(e).

*/s/Joseph Shapiro*
Joseph Shapiro
SHAPIRO IP LAW
138 E 12300 S, Unit 334
Draper, UT 84020
jshapiro@shapiro-ip.com
801.921.1136

*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Circuit Rule 35(d) and Fed. R. App. P. 35(b)(2) because:

   this brief contains 516 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Federal Circuit Rule 35(c)(2).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in proportionally space typeface using Microsoft Word in 14-point Times New Roman.

*/s/Joseph Shapiro*

Joseph Shapiro
SHAPIRO IP LAW
138 E 12300 S, Unit 334
Draper, UT 84020
jshapiro@shapiro-ip.com
801.921.1136

*Counsel for Appellants*