NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: JAROM MCDONALD, THERON BRENT HARMON, JEFFREY HARMON, NEAL HARMON, VIDANGEL, INC., ANGEL STUDIOS, INC.,**
*Appellants*

---

2024-1015

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 15/454,677.

---

Decided: September 10, 2024

---

JOSEPH MORRIS SHAPIRO, Shapiro IP Law, Draper, UT, for appellants.

ROBERT MCBRIDE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal. Also represented by KAKOLI CAPRIHAN, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

The appellants are the four individuals named as inventors in U.S. Patent Application No. 15/454,677 ('677

application) and two corporations that assert that they are parties in interest defending the application. The application, titled "Tipping for Media Content," is for a patent on a "method and system for eliciting and receiving tips from a consumer based on the consumer's consumption of media content." The patent examiner within the Patent and Trademark Office (PTO) rejected each of the application's claims 21–32—the claims now at issue—for ineligibility under 35 U.S.C. § 101 and obviousness under 35 U.S.C. § 103, and the PTO's Patent Trial and Appeal Board affirmed the rejection on both grounds. We affirm the Board's decision on both grounds, each independently sufficient to support rejection of the claims.

I

The '677 application, as filed on March 9, 2017, contained 20 claims. The examiner rejected all those claims on April 17, 2019, and in response, appellants amended the '677 application by canceling claims 1–20 and adding claims 21–32, which the examiner rejected on July 9, 2020.[1] After appellants responded with arguments and amendments to claims 21, 24, and 29 on August 20, 2020, the examiner again rejected claims 21–32, on March 3, 2021. Claim 21, in the amended form, reads:

> 21. A computer-implemented method, comprising:
>
> providing media content to a consumer computer device;
>
> presenting a tipping interface, related to the media content, to the consumer computer device; and
>
> receiving tipping input from the consumer computer device, through the tipping interface,

---

[1] For simplicity, we use "appellants" to refer to the filers and defenders of the application, without regard to when the corporate entities entered the proceeding.

wherein the tipping input includes information associated with a tip;

wherein:

the tipping interface is a computer-based interface; and

the media content includes closing credits and the tipping interface is presented at the beginning of or during the closing credits; or

the tipping interface is presented at one or more trigger points during the media content.

The examiner rejected all the pending claims under 35 U.S.C. § 101, as directed to an abstract idea without adding significantly more. The examiner also rejected all the claims (analyzed in several subgroups) under 35 U.S.C. § 103, for obviousness in light of the teachings of various combinations of six pieces of prior art: Lim, U.S. Patent Publication No. 2018/0374121 A1 (a tipping interface on a consumer computer); Van Vleck, U.S. Patent Publication No. 2009/0158369 A1 (a method of displaying interactive displays while receiving a media content stream); Twist, U.S. Patent Publication No. 2018/0158114 A1 (an online charitable donation system that maximizes donations); Ignacio, U.S. Patent Publication No. 2014/0337099 A1 (a system for customers in hospitality environments to provide workers with information about their service requests and associated tipping); Mowry, U.S. Patent Publication No. 2017/0109699 A1 (an incentive-based exchange for project contributions); and Carlson, U.S. Patent Publication No. 2010/0325048 A1 (a system for estimating or suggesting a tip based on consumer preferences).

When appellants appealed to the Board, they designated claim 21 as representative for purposes of patent eligibility and argued eligibility on the ground that what was claimed was a computer-implemented method of integrating media content and a tipping interface that "improves presentation of media content" and "facilitates tipping."

Appx 316. Regarding obviousness, appellants discussed five claims separately, arguing (as relevant here) the following. For claim 21, they argued the absence of an adequate finding of a motivation to combine Lim's disclosure of a tipping interface with Van Vleck's disclosure of interactive displays at specific points within media content. For claim 24, they argued that no combination of Lim, Twist, and Ignacio discloses all the claim's limitations, including "elicitation content," an "upsell interface," and financing an enumerated future purpose. Appx 319–21. For claim 26, they argued that "the combination of Lim, Twist, and Ignacio does not disclose elicitation content comprising 'a message from an actor, producer, director, or developer of the media content.'" Appx 321. For claim 28, they argued that the combination of Lim, Twist, Ignacio, and Mowry does not disclose a tipping interface that indicates that tips are used for at least one of the enumerated purposes. For claim 29, they argued that the examiner did not provide a sufficient rationale for combining Lim's tipping interface disclosure with Carlson's media content interface disclosure.

The Board affirmed the examiner's decisions on ineligibility and obviousness. Regarding ineligibility, the Board reasoned that (representative) claim 21 is directed to the abstract idea of organizing the human activity of tipping rather than a non-abstract technological implementation, application, or improvement of the idea, as the claim recites only conceptual steps that can be achieved by generic computer functions. The Board added that claim 21 does not provide an inventive concept, as the use of a computer at each step and the ordered combination of the steps are conventional.

Regarding obviousness, the Board first addressed claims 21–23, determining that the examiner provided a sufficient rationale for combining Lim and Van Vleck, a rationale concerning customer benefits set forth in Van Vleck itself. For claims 24–27, the Board reasoned that Twist implicitly discloses elicitation content by describing

content to solicit contributions and that Ignacio, by providing rewards to customers who tip their hospitality service workers well, discloses a practice within the scope of an upsell interface. For claim 26, the Board determined that the ’677 application’s disclosure of an actor, producer, director, or developer recites only that “the message is from one of these parties, not how a party actually participates,” and is thus made obvious by Twist. Appx 22. For claim 28, the Board determined that Lim, Twist, Ignacio, and Mowry in combination describe the limitations of the claim and that the examiner set forth a sufficient motivation to combine the references. For claims 29–32, the Board determined that the examiner provided a sufficient reason to combine Lim and Carlson.

Appellants timely appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

II

We review the Board’s legal conclusions without deference and its factual findings for substantial evidence. *In re Jolley*, 308 F.3d 1317, 1320 (Fed. Cir. 2002); *In re Lister*, 583 F.3d 1307, 1311 (Fed. Cir. 2009). Substantial evidence “means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Patent eligibility is a question of law that may contain underlying issues of fact. *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1342 (Fed. Cir. 2018) (citing *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018)). Obviousness is a question of law that is based on underlying factual findings. *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). This case involves a conclusion of obviousness based on determinations that a combination of prior-art references teaches the claimed limitations and that a relevant artisan would have had a motivation to make the combination with a reasonable expectation of success. *See, e.g.*, *KSR International Co. v. Teleflex Inc.*,

550 U.S. 398, 418 (2007); *Elekta Ltd. v. ZAP Surgical Systems, Inc.*, 81 F.4th 1368, 1374 (Fed. Cir. 2023); *Regents of the University of California v. Broad Institute, Inc.*, 903 F.3d 1286, 1291 (Fed. Cir. 2018). What a prior-art reference discloses and whether a relevant artisan would have been motivated to combine or modify references or reasonably expected success are questions of fact. *See Corephotonics, Ltd. v. Apple Inc.*, 84 F.4th 990, 1003 (Fed. Cir. 2023); *Regents*, 903 F.3d at 1291.

A

Applying the familiar two-step framework for analysis of eligibility under *Alice Corp. v. CLS Bank International*, 573 U.S. 208, 217, 221 (2014), we first conclude that (representative) claim 21 is directed to an abstract idea, which is one of the categories of ineligible subject matter. "[W]e evaluate the focus of the claimed advance over the prior art to determine if the claim's character as a whole is directed to excluded subject matter." *PersonalWeb Technologies LLC v. Google LLC*, 8 F.4th 1310, 1315 (Fed. Cir. 2021) (cleaned up) (quoting and citing cases). As part of this inquiry in a case like this, we ask "whether the claims focus on the specific asserted improvement in computer capabilities or, instead, on a process that qualifies as an abstract idea for which computers are invoked merely as a tool." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1362–63 (Fed. Cir. 2023) (cleaned up); *see In re Killian*, 45 F.4th 1373, 1382 (Fed. Cir. 2022).

Claim 21 is directed to the managing of a process for making commercial tipping payments—here, for customer-approved media. This readily comes within the numerous precedents recognizing methods of "organizing human activity" such as "fundamental economic practice[s]" as abstract ideas. *Alice*, 573 U.S. at 220; *see, e.g.*, *Bozeman Financial LLC v. Federal Reserve Bank of Atlanta*, 955 F.3d 971, 978 (Fed. Cir. 2020); *Smart Systems Innovations, LLC v. Chicago Transit Authority*, 873 F.3d 1364, 1372

(Fed. Cir. 2017); *Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1054–55 (Fed. Cir. 2017); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1353–55 (Fed. Cir. 2014). Managing commercial tipping transactions constitutes a method of organizing a fundamental economic human activity. And the focus of the claim is clearly on that activity, using "generic computer implementation[s]" (including networks) as a tool, rather than any improvement in computer capabilities, *e.g.*, for receiving, storing, retrieving, analyzing, generating, transmitting, or presenting information. *Alice*, 573 U.S. at 223; *see Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1378 (Fed. Cir. 2017); *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016); *buySAFE*, 765 F.3d at 1354.

Claim 21 does not qualify as eligible under the second step of *Alice*, which asks if specifics of the claim sufficiently transform the claim into a claim beyond the ineligible subject matter. Here, nothing in the claim, considered alone or in light of the specification, goes beyond performing a method of organizing human economic activity with the aid of a conventional computer—which is not enough for eligibility. *See*, *e.g.*, *Alice*, 573 U.S. at 223–26; *Weisner v. Google LLC*, 51 F.4th 1073, 1083–84 (Fed. Cir. 2022); *Inventor Holdings*, 876 F.3d at 1378; *Two-Way Media Ltd. v. Comcast Cable Communications, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017); *Credit Acceptance*, 859 F.3d at 1055. The individual elements of the claim are providing media content, presenting a content-related interface for customer tipping, and receiving the customer tipping input at a particular point in the presentation of the media content or its credits. Alone or together, these functions call on nothing but generic computer components performing their conventional functions, without identification of improved ways of carrying out the familiar computer capabilities. *See* Appx 16–17. The specification confirms that determination by what it says and what is absent from it. *See* Appx 44–60.

For those reasons, claim 21 is ineligible. Because both parties agree that claim 21 is representative of the pending claims for eligibility purposes, all pending claims are invalid for ineligibility under § 101.

B

Our conclusion about § 101 suffices to affirm the Board's decision. But for completeness, we also discuss the Board's obviousness determinations challenged by appellants here. We affirm those determinations as well.

Appellants assert deficiencies in the Board's analysis of claims 21, 24, 26, 28, and 29. They make no separate argument about the other claims, which depend on one or more of the five discussed claims. Appellants' Brief at 21 (stating that dependent claims 22–23, 25–28, and 30–32 "are nonobvious at least because the independent claims upon which these claims depend are nonobvious"). We conclude that appellants have not identified reversible error in the Board's obviousness ruling.

1

The Board relied on Lim and Van Vleck in concluding that the method of claim 21 would have been obvious to the relevant artisan. Appx 19–20. Appellants acknowledge that Lim discloses a tipping interface and Van Vleck discloses timing an interface's presentation between pieces of media content. But they argue the Board erred in several respects. We reject those arguments.

Appellants argue that the Board did not find a rationale for combining Lim and Van Vleck. We disagree. The Board relied on the examiner's stated rationale for combining the two references. Appx 20. The examiner found that a relevant artisan had reason

> to provide for a display of the tipping interface during the media content because it provides for an improved system and method for displaying media

> content and an interactive display such that it does not interrupt the media content being delivered to the user, prevent the subscriber from viewing an entire media content segment, and does not prevent the subscriber from viewing subsequent media content.

Appx 338 (citing Van Vleck at Abstract, ¶¶ 2–14). That finding, resting on Van Vleck itself, is supported by substantial evidence.

Appellants also argue that Lim discloses a tipping interface only for static content, which would not require timing parameters. This argument is forfeited because appellants failed to present it to the Board and have offered no adequate basis to excuse that failure. *See In re Google Technology Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020) ("[A] position not presented in the tribunal under review will not be considered on appeal in the absence of exceptional circumstances."); *see also In re Couvaras*, 70 F.4th 1374, 1379 (Fed. Cir. 2023) (same). On the merits, too, the argument fails. Lim, though referring to a scientific journal as an example of media content that may use a tipping interface, Appx 430, ¶ 62, does not limit itself to static content, *see* Appx 433, ¶ 99 (listing "streaming video" and "live streaming video" as examples of media formats for advertisements); Appx 435, ¶ 132 (discussing video as a medium to elicit responses from users).

Finally, appellants argue that combining Lim and Van Vleck would not have reasonably been expected to succeed and was contrary to a conventional view that a "consumer must pay for media content up front." Appellants' Brief at 12, 13. The Board could readily find that there was nothing unpredictable about succeeding in presenting a tipping interface during closing credits, Appx 20, which, as the examiner found, was taught by Van Vleck, Appx 258. And nothing presented by appellants rises to the level of a teaching away of post-consumption tipping in this context.

2

Claim 24's method is similar to that of claim 21 but also requires that the tipping interface include "elicitation content," an "upsell interface," *or* an indication that a tip will be used for financing a sequel to, or improving streaming, filtering, distribution, or affordability of, the media content. Appx 32, 324–25. The Board held claim 24 invalid for obviousness in light of Lim, Twist, and Ignacio. Appx 20–22. We reject appellants' challenges to that ruling.

First, appellants argue that the Board erred in finding that Twist discloses a tipping interface that includes elicitation content. They recognize that Twist discloses a solicitation or request to donate but contend that "elicitation content" is "more than a mere request to tip." Appellants' Brief at 15. They argue that the Board improperly construed "elicitation content" under the broadest-reasonable-interpretation standard and thereby reached a construction contrary to the '677 application's specification and the drafter's clear intentions to limit or modify terms.

It is well established that the PTO, during patent examination, must give claims their broadest reasonable interpretation consistent with the specification unless the patentee has demonstrated a clear intention to limit the claim scope. *See*, *e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005) (en banc); *Prima Tek II, L.L.C. v. Polypap, S.A.R.L.*, 412 F.3d 1284, 1289 (Fed. Cir. 2005); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2004). We see no error in the Board's plain-meaning understanding of "elicitation," which determines the meaning of "elicitation content," as "the process of getting information from someone." Appx 21. The '677 application does not provide a definition at all, let alone one contrary to the Board's understanding, or otherwise signal an intent to depart from that understanding. *See* Appx 43, 48–50. The specification provides examples of elicitation content—namely, audio, visual, or other communications

designed to provide information on tipping and encourage customers to tip. *Id.* The broadest reasonable interpretation consistent with the specification is content that communicates to a customer the provider's interest in being paid by the customer, as the Board concluded. The Board readily found Twist to teach such content, Appx 21, and appellants do not show, or even argue, that the Board was incorrect about Twist under the Board's interpretation. *See* Appx 484, ¶ 83.

Appellants also argue that the examiner and the Board did not articulate a sufficient reason for combining Lim and Twist. We disagree. The examiner's rationale for combining the references was to provide "an integrated online donation or tipping option that enables charitable organizations to maximize donations by enabling access to a greater number of potential donors and intelligently suggesting donation quantities or amounts and by enabling users to both contribute to a charitable organization and communicate with others in the process." Appx 339 (citing Twist, Appx 463, at Abstract, ¶¶ 2–7). The Board agreed. Appx 21–22. And appellants have identified no basis for doubting the existence of a reasonable expectation of success in presenting elicitation content.

Given the disjunctive "or" language of claim 24, the foregoing suffices to uphold the Board's obviousness ruling on that claim, regardless of whether the Board was correct in finding obviousness of the "upsell interface" limitation in the Lim, Twist, and Ignacio. Appx 22. But we also see no error in that conclusion on its own. Appellants assert the absence of an adequate articulated motivation to combine Lim and Twist's disclosures with Ignacio's disclosure of rewarding customers for providing higher tips for hospitality service, but we see no such deficiency. The examiner found a motivation to combine in the objective of maximizing the gratuity received, Appx 340, an adequate finding that the Board adopted, Appx 22.

Appellants also assert that the examiner and the Board failed to articulate how Ignacio's teachings are analogous to teachings about tipping for media content. This argument is forfeited for failure to present it to the Board. *See In re Google*, 980 F.3d at 863. And the argument fails on the merits as well. A reference is analogous art if (1) it is from the same field of endeavor as the claimed invention or (2) it is reasonably pertinent to the problem being addressed by the inventor. *See Airbus S.A.S. v. Firepass Corp.*, 941 F.3d 1374, 1379 (Fed. Cir. 2019). Here, Ignacio is in the same field of endeavor (facilitating tipping through an interface), and it also is reasonably pertinent to the claimed invention's underlying problem (facilitating tipping when the service provider is not physically present). Appx 41; Appx 430, ¶ 62.

3

Claim 26, which depends on claim 24, adds that "the elicitation content comprises a message from an actor, producer, director, or developer of the media content." Appx 325. The Board invalidated this claim based on the combination of Lim, Twist, and Ignacio, focusing on the teaching of Twist of a social-media post having a message, a video, and a banner with an option for donating. Appx 22. We see no reversible error.

Appellants argue that, although "Twist discloses that a social media post may comprise a message portion, a video, and a banner with a 'donate' option," it does not disclose a message from the claimed actor, producer, director, or developer of the media content. Appellants' Brief at 19. They further argue that the examiner did not articulate an adequate rationale for combining these prior-art references. *Id.* We disagree. Substantial evidence supports the Board's finding that Twist's disclosure of elicitation content includes messages from at least one of the claimed persons in or behind the media content: Twist teaches that the message and media content may come from the same creators.

Appx 484, ¶ 83. And for the same reasons as those recited in discussing claim 24, the examiner and the Board provided an adequate rationale to combine the references.

4

Claim 28, which depends on claim 24, narrows claim 24 to require that the tipping interface include an indication that a tip will be used for financing a sequel to, or improving streaming, filtering, distribution, or affordability of, the media content. Appx 325. The Board held claim 28 invalid for obviousness in light of the combination of Lim, Twist, Ignacio, and Mowry—specifically, for the disputed aspect, the combination of Lim and Mowry. Appx 23. We see no reversible error.

The Board found that Mowry "is evidence that one use of solicitations was the recited financing a sequel." Appx 23. Appellants, who acknowledge that Mowry disclosed "incentivizing individuals to support a future project," Appellants' Brief at 20, have not shown a lack of substantial evidence for the Board's finding. The combination with Lim, the Board found, provided for the use of a tipping interface for the purpose. Appx 23. And the Board relied on the examiner's rationale for combining these references: to provide "a system and method for incentive-based exchange, such as improvements and financing, for project contribution." Appx 341–42 (citing Mowry, Abstract, ¶¶ 3–7); *see* Appx 23 (relying on that examiner finding). The finding has substantial-evidence support.

5

Finally, claim 29 is similar to claim 21 but requires the tipping interface to provide tipping estimate information based in part on the tipping data of other consumers. Appx 325–26. The Board held claim 29 invalid for obviousness in light of the combination of Lim and Carlson. Appx 23. Appellants, without disputing that Carlson discloses use of tipping data for another consumer, suggest that the

examiner did not provide a justification for combining Carlson with Lim. But the examiner, citing Carlson, identified the rationale for the combination—"to provide a system that provides an alert that may include a suggested amount for a tip and provides the consumer with information that may be used to determine an amount for the tip." Appx 272. The Board relied on that rationale. Appx 23. The Board's holding is supported by substantial evidence.

## III

For the foregoing reasons, we affirm the Board's decision on both patent ineligibility and obviousness.

The parties shall bear their own costs.

**AFFIRMED**